UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

V. NO. 2:21-CR-6-KHJ-MTP-2

ALFREDRIC JAMES

ORDER

Before the Court is Defendant Alfredric James's ("James") [360] Motion to Alter or Amend Judgment. For the reasons below, the Court denies the [360] Motion. It also denies a certificate of appealability.

I. Background

James was charged in September 2021 with violating 21 U.S.C. § 846 (conspiracy with the intent to distribute methamphetamine) and 21 U.S.C. § 841(a) (possession with the intent to distribute methamphetamine). *See* Superseding Indictment [61] at 1–3. A jury convicted him of both counts. *See* Jury Verdict [289]. The Court sentenced James in January 2023 to 300 months of imprisonment followed by 10 years of supervised release. *See* Am. J. [327] at 2–3. James timely appealed. Notice of Appeal [328]. In February 2023, the Fifth Circuit dismissed James's appeal for failing "to timely order transcripts and make financial arrangements with the court reporter." J. [333] at 1.

Most recently, on December 8, 2025, James filed a [354] Motion to Vacate under 28 U.S.C. § 2255, arguing ineffective assistance of trial counsel for failure to

perfect his appeal. Mot. to Vacate [354] at 4–11. The Court denied the Motion as untimely. *See* Order [359]. James now asks the Court to reconsider its Order. Mot. [360].

II. Standard

Under Federal Rule of Civil Procedure 59(e), the Court may amend a judgment "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

III. Analysis

The Court held that James's Section 2255 Motion was time-barred. [359] at 4. James now complains the Court failed to consider that his prior counsel never told him the Fifth Circuit dismissed his appeal, which he argues should excuse the untimeliness of his Section 2255 Motion. [360] at 4. But as the Court noted in its [359] Order, James bears the burden to show that equitable tolling applies and must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way of timely filing his [Section] 2255 motion." *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008) (per curiam) (citation modified); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

And "equitable tolling is permitted only in rare and exceptional circumstances." *Petty*, 530 F.3d at 364 (citation modified). Specifically, it is "reserved for those rare instances where . . . it would be unconscionable to enforce

the limitation period against the party and gross injustice would result." *Id.* at 365 (citation modified). Courts look to the facts and circumstances of each case to determine whether equitable tolling applies. *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000) (per curiam).

Here, James fails to show that he acted with reasonable diligence, either in uncovering the facts underlying his claim or in acting on them once he knew or should have known them. He never states when or how he learned his appeal had been dismissed, what efforts, if any, he took to check on the status of his case after sentencing, or why more than a year passed between the expiration of his original filing deadline and the date he finally filed his Section 2255 Motion. Absent some explanation of what he did to learn of his case's status, and why those efforts could not have revealed it sooner, the Court cannot conclude that James exercised the diligence equitable tolling demands. The bare assertion that counsel did not inform him of the appeal's dismissal, without more, does not establish diligence. Because James has not shown diligence, he has not identified a clear error of law or a manifest injustice in the Court's [359] Order that would justify relief under Rule 59(e). So, the Court denies his [360] Motion.

The Court also denies a certificate of appealability. James fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also, e.g.*, *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (finding a petitioner must show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further" to prevail on an application for a certificate of appealability (citation modified)).

IV. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the result. For all these reasons, James's [360] Motion to Alter or Amend Judgment is DENIED.

SO ORDERED, this 26th day of August, 2026.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE